**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **HELENE BOWENS,** | ) |
|        **Plaintiff,** | )    **Case No.:** |
| | ) |
| **v.** | ) |
| | ) |
| **BLUESTEM BRANDS, INC. d/b/a** | ) |
| **FINGERHUT,** | )    **JURY TRIAL DEMANDED** |
|        **Defendant.** | ) |
| | ) |

_____

## **COMPLAINT**

HELENE BOWENS ("Plaintiff"), by and through her attorneys, ANGELA K. TROCCOLI, ESQUIRE and KIMMEL & SILVERMAN, P.C., alleges the following against BLUESTEM BRANDS, INC. d/b/a FINGERHUT ("DEFENDANT"):

### **INTRODUCTION**

1.     Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

### **JURISDICTION AND VENUE**

2.     Jurisdiction of this Court arises under 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3.     Defendant regularly conducts business in the State of Connecticut, thus, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

### **PARTIES**

5.     Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

6.    Plaintiff is a natural person residing in Enfield, Connecticut 06082.

7.    Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

8.    Defendant is a corporation with its principal place of business located at 6509 Flying Cloud Drive, Eden Prairie, Minnesota 55344.

9.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.    Plaintiff has a cellular telephone number that she has had for more than one year.

11.    Plaintiff has only used this number as a cellular telephone number.

12.    The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13.    Beginning in January 2016 and continuing thereafter, Defendant placed repeated telephone calls to Plaintiff's cellular telephone number.

14.    Defendant contacted Plaintiff, on average, once a day.

15.    Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice when contacting Plaintiff.

16.    Plaintiff knew that Defendant was using an automated telephone dialing system because Defendant's calls would include a five (5) to ten (10) second delay of silence upon answering them.

17.    Defendant's telephone calls were not made for "emergency purposes;" rather, Defendant was attempting to collect an account balance.

18.    It was annoying and harassing for Plaintiff to be called on her cellular telephone with such frequency.

19.     Desiring to stop the repeated telephone calls, on more than one occasion, Plaintiff spoke with Defendant's collectors to advise them she longer wanted to be contacted on her cellular telephone and to stop calling.

20.     This was Plaintiff's way of revoking any consent that may have been given to Defendant to contact her.

21.     Defendant heard Plaintiff's instructions to stop calling her.

22.     However, Defendant refused to update its records to restrict telephone calls to Plaintiff's cellular telephone.

23.     Rather, Defendant continued to call Plaintiff on her cellular telephone.

24.     It was frustrating and annoying for Plaintiff to receive such continuous and repeated telephone calls from Defendant on her cellular telephone and as such Plaintiff took measures to block Defendant's calls.

25.     Upon information and belief, Defendant conducts business in a manner which violates the TCPA.

**DEFENDANT VIOLATED THE**
**TELEPHONE CONSUMER PROTECTION ACT**

**COUNT I**

26.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

27.     Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

28.     Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

29.     Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

30.     Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

31.     Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

32.     Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

33.     Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone.

34.     Defendant's calls to Plaintiff's cellular telephone, after February 2016, were not made with Plaintiff's prior express consent.

35.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

36.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

37.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, HELENE BOWENS, respectfully prays for a judgment as follows:

a.      All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

b.      Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

c.      Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

d.      Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

e.      Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, HELENE BOWENS, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

HELEN BOWENS,
By her Attorney,

*/s/ Angela K. Troccoli*
Angela K. Troccoli, Esquire, Id# ct28597
Kimmel & Silverman, PC
*The New England Office*
136 Main Street, Suite 301
Danielson, CT 06239
(860) 866-4380- direct dial
(860) 263-0919- facsimile
atroccoli@creditlaw.com

Dated:  April 21, 2016